**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Charles Randle (M-27372), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 7890 |
| v. | ) | |
| | ) | Judge Thomas M. Durkin |
| Walter Nicholson, et. al, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's second application for leave to proceed *in forma pauperis* [7] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $1.46 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee and to continue making monthly deductions in accordance with this order. The Court directs the Clerk of Court to send a copy of this order, electronically if possible, to the trust fund officer of the facility having custody of Plaintiff. Summonses, however, will not issue. Plaintiff's complaint [1] is dismissed without prejudice. If Plaintiff wants to proceed with this lawsuit, he must submit an amended complaint that complies with this order. Failure to submit an amended complaint by March 25, 2019, will result in summary dismissal of this lawsuit. Plaintiff also must promptly submit a change-of-address notification if he is transferred to another facility or released, or this action will be subject to dismissal for failure to comply with a Court order and for failure to prosecute. The Court defers ruling on Plaintiff's motion for attorney representation [5], pending Plaintiff's submission of an amended complaint. The Clerk of Court is directed to send Plaintiff an amended complaint form and instructions along with a copy of this order.

**STATEMENT**

Plaintiff Charles Randle, an Illinois prisoner, brings this *pro se* civil rights action under 42 U.S.C. § 1983, naming more than twenty known and unknown Defendants regarding a variety of issues in conjunction with his transfer to and treatment at Stateville Correctional Center. Although Plaintiff separates his complaint into six "claims," he actually appears to challenge at least eight events or aspects of prison life, including: (1) the transfer from Menard to Stateville as alleged "retaliation"; (2) his Stateville assignment to a cell in which another inmate had the bottom bunk, in disregard of his medical permit for a bottom bunk assignment; (3) medical professionals' provision of care following a fall from his bunk; (4) "[d]iscrimination" by officers investigating a claim he had made under the Prison Rape Elimination Act (PREA); (5) "[i]nadequate unsafe housing/conditions of confinement"; (6) allegedly inadequate mental health treatment relating to his attempts to obtain a single occupancy cell; (7) disciplinary proceedings regarding an undisclosed disciplinary infraction; and (8) the conditions of a segregation cell. The relief he seeks

is as wide-ranging as his claims. Before the Court are Plaintiff's second application for leave to proceed *in forma pauperis* and his complaint for initial review under 28 U.S.C. § 1915A.

Plaintiff has demonstrated that he cannot prepay the filing fee, and thus, his application for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $1.46 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify Plaintiff's name and the case number assigned to this case.

Plaintiff is warned that filing fees for multiple cases cumulate—an inmate pays twenty percent of his monthly income for *each* case in which his application for leave to proceed *in forma pauperis* is granted and he has not yet paid the filing fee in full. The trust account custodian at Plaintiff's place of incarceration must deduct 20% of his covered monthly income for *each* of his cases and appeals in which he is granted leave to proceed without full prepayment of the fees and has not yet satisfied the filing fee. *See* 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 136 S. Ct. 627, 630 (2016) ("[Section] 1915(b)(2) calls for simultaneous, not sequential, recoupment of multiple filing fees."). If he has one unpaid case of appeal, he pays 20% of his covered monthly income; if he has two, he pays 40%, up to 100% for five or more open cases. He ultimately must pay all filing fees in full as soon as he is able and must promptly notify the Court of any change in his financial status.

The Court next considers Plaintiff's complaint. Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). In performing its review of an inmate's complaint, the Court must "be alert to th[e] problem" of litigants pursuing a "scattershot strategy" of "toss[ing] into a single complaint a mishmash of unrelated allegations against unrelated defendants." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *see also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances . . . into one stewpot."). Even prisoners must comply with joinder rules, *see Owens*, 860 F.3d at 436, which serve multiple purposes, including "prevent[ing] the [] morass" produced by multi-claim, multi-defendant suits and "ensur[ing] that prisoners pay the required filing fees[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In *George*, the Seventh Circuit explained the joinder rule as follows:

> A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party. Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . .[1]

507 F.3d at 607. Comparing Plaintiff's intended claims to this rule, they all appear to be unrelated to each other in any legal sense and often contain multiple issues within themselves.[2] Any claim regarding the basis for his transfer (which Plaintiff does not attribute to any particular named Defendant) is unrelated to a claim regarding his cell assignment upon arrival at Stateville by the particular correctional officer(s) on the unit, which, in turn, is distinct from claims regarding medical care by health care providers, the behavior of different officers investigating Plaintiff's PREA complaint, or the conduct by other officers in disciplinary proceedings against Plaintiff. Different still are claims regarding the conditions of particular areas of Stateville, the expenditure of funds intended for renovation, or the prison's current "operat[ion] by mostly blacks who has turned the prison into the ghetto slum." (Dkt. 1, pg. 17.) And each of the foregoing is distinct from Plaintiff's claims regarding his mental health care and housing related to his admitted refusal to accept a cellmate, during which he made "threat[s] to throw feces on an officer," defecated in a Styrofoam tray, and then professed his willingness to accept a cellmate only "as long as they do not mind him having feces over his body while nude because Plaintiff is a self-proclaimed nudist like inmate Jackie Wilson was." (Dkt. 1, pg. 17-19.)[3] *See George*, 507 F.3d at 607; *Vermillion*, 604 F.App'x at 512-13. The Court expresses no opinion as to the merit of any of Plaintiff's intended claims.

Misjoined claims and parties are not the only flaw in Plaintiff's pleading, the sprawling nature of which also runs afoul of Federal Rule of Civil Procedure 8. Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a minor amount of surplus material in a complaint is not enough to frustrate the goals of Rule 8, unnecessary length coupled with repetitiveness, needless complexity, inclusion of legal conclusions, and immaterial allegations are grounds for dismissal. *Kadamovas v. Stevens*, 706

---

[1] Even when a party seeks to join claims against a single party, as he generally may do, *see* Fed. R. Civ. P. 18(a), "[t]he court may . . . sever any claim against a party." Fed. R. Civ. P. 21. "[T]he district court has the discretion to sever any claims that are 'discrete and separate' in the interest of judicial economy and to avoid prejudice." *Vermillion v. Levenhagen*, 604 Fed. Appx. 508, 512–13 (7th Cir. 2015). Claims are discrete and separate when "one claim [is] capable of resolution despite the outcome of the other claim." *Gaffney v. Riverboat Services of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (citing *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000)).

[2] Within his fourth intended claim, for example, Plaintiff complains about such diverse issues as the age and state of the prison (much of which is based on allegations made "on information and belief"), prison finances, staff backgrounds and training, and that "the women staff wear very tight provocative uniforms & street clothes as if they were looking for a date or attention because they are lonely out in society & also the female staff have the audacity to write disciplinary offense against mostly young black inmates for sexual misconduct for pulling out their erect penis & masturbating in front of them." (Dkt. 1, pgs. 14-15.)

[3] This intended single "claim" also appears to involve a variety of alleged conduct by different officers.

3

F.3d 843, 844 (7th Cir. 2013). Plaintiff's 79-page complaint consists of 24 pages of allegations and 55 pages of attachments. While the Court has done its best to identify intended claims within Plaintiff's allegations, the Court has not attempted to (and will not do so with an amended pleading) glean potential additional claims from the numerous attachments. *See, e.g., Lindell v. Houser*, 442 F.3d 1033, 1034 n.1 (7th Cir. 2006) ("District courts should not have to read and decipher tomes disguised as pleadings."). Plaintiff should retain copies of records that may be pertinent to his claims, but if he submits unnecessary or voluminous attachments with future pleadings, the attachments will be summarily stricken. *See Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (instructing that district court may strike attachments to complaint "without bothering to read").

Plaintiff also should bear in mind that he cannot establish a right to relief against a defendant by simply listing his or her name in the caption of the complaint. *See, e.g., Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction given to *pro se* complaints."). Nor is it sufficient to simply list a legal conclusion or rights violation that is merely attributed to "all Defendants" in conclusory fashion. Rather, Plaintiff must set forth facts from which federal liability may be inferred against each defendant. *See Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (explaining that to be held liable under section 1983, an individual must have caused or participated in a constitutional deprivation); *Pepper v. Vill. of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (same). For a Defendant to be served, he or she must be named by name in the operative pleading. Thus, Plaintiff must (at a minimum) identify the defendant by name in the body of any amended complaint, describe what the defendant did to allegedly violate Plaintiff's rights, and explain what consequences Plaintiff suffered as a result of the defendant's conduct.

Finally, Plaintiff's original complaint also violates this district's Local Rule 81.1, which requires that all civil rights complaints be on the Court's required civil rights complaint form. N.D. Ill. L.R. 81.1. Plaintiff's complaint

If Plaintiff wants to proceed with this lawsuit, he must consider his intended claims and amend his complaint, limiting any amended complaint to properly joined claims against properly joined defendants. As set forth in the original complaint, it appears likely that, to comply with joinder rules, Plaintiff will have to confine himself to one of the at least eight claims listed above, most or all of which appear to have involved different correctional officers and conduct. Plaintiff's other intended claims will be considered dismissed without prejudice. Any new lawsuit while Plaintiff is incarcerated will be subject to the above analysis and the provisions of the Prison Litigation Reform Act, including the filing fee requirement.

Accordingly, the Court dismisses Plaintiff's complaint without prejudice. If Plaintiff wants to proceed with this lawsuit, he must submit an amended complaint, on the Court's required form, *see* Local Rule 81.1, that complies with this order. Any amended complaint also must comport with Federal Rule of Civil Procedure 11, which provides that by signing a pleading, a

party represents to the Court that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b). Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint without reference to the original complaint. Plaintiff is advised to keep a copy for his files. As explained, he risks dismissal of this lawsuit if he fails to keep the Court promptly apprised of any change in address.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Failure to submit an amended complaint by the date set forth above will result in summary dismissal of this lawsuit.

Date: 2/21/2019 /s/ Thomas M. Durkin